IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN WILMOND NOICY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-1388 |
| | : | |
| J.L. JAMISON, et al. | : | |

### MEMORANDUM

**Judge Juan R. Sánchez**                                                                 **March 6, 2026**

Petitioner Jean Wilmond Noicy brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS") in the same manner as hundreds of noncitizens within this district and thousands of people around the country. He argues his mandatory detention without providing a bond hearing pursuant to 8 U.S.C. § 1225(b)(2), a provision of the Immigration and Nationality Act ("INA"), is illegal. Because § 1225(b)(2) does not apply to noncitizens like Noicy who have resided within the United States for years, his petition will be granted.

**BACKGROUND**

Jean Wilmond Noicy is a noncitizen from Haiti who arrived at the United States southern border on September 9, 2023. Pet. Writ Habeas Corpus ¶ 23, Dkt. No. 1. Then DHS issued him a Notice to Appear and affirmatively paroled into the country pursuant to 8 U.S.C. § 1182(d)(5). *Id.* ¶¶ 24, 26. After Noicy was paroled, he moved to Philadelphia where he has been living with extended family members and his cousin's two minor children. *Id.* ¶ 27. In or around October 2024, he filed an application for Temporary Protected Status ("TPS") which remains pending. *Id.* ¶ 30. Since his entry into the country, Francois has complied with all the conditions of his release to date. *Id.* ¶ 29.

Noicy's discretionary parole expired on April 18, 2025.  Gov't Resp. Opp. Pet. 4-5, Dkt. No. 5.  It appears no actions were taken to apprehend or take Noicy into custody until March 3, 2026.  On that date, Noicy "was waiting inside his car with his two minor cousins to drive them to school, when two DHS agents approached the car and demanded to see his papers."  Pet. Writ Habeas Corpus ¶ 31.  The agents then arrested and detained Noicy.  *Id.* ¶ 26.  He is currently being held at the Federal Detention Center in Philadelphia.  *Id.* ¶ 33.

Noicy filed the instant habeas petition on March 4, 2026.  The Government responded on March 5, 2026.  It contends Noicy was detained by DHS pursuant to the administration's new policy to subject all noncitizens who have never been admitted, regardless of whether they were stopped at the border or arrested years later inside the country to mandatory detention without bond under § 1225(b).  Gov't Resp. Opp. Pet. 1-4; *see also Ndiaye v. Jamison*, No. 25-CV-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (describing the history of the new policy).  The Government has not provided any other justification for detaining Noicy.

**DISCUSSION**

Noicy argues his detention is illegal because he has been improperly subjected to mandatory detention without bond under § 1225(b)(2) instead of § 1226's discretionary detention.  The Government asserts noncitizens like Noicy are properly detained under § 1225(b)(2).  In particular, the Government attempts to distinguish Noicy from other noncitizens detained under § 1225(b)(2) because he was paroled into the country under § 1182(d)(5).  Section 1182(d)(5) stated "when the purposes of such parole shall . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission."  The Government argues

since Noicy's parole was terminated, he is automatically subject to § 1225(b)(2) mandatory detention.  The Government is wrong.

The Court finds the fact that Noicy's parole under § 1182(d)(5) creates no substantive difference to other petitioners challenging their § 1225(b)(2) mandatory detention.  In factually similar cases, courts in the Eastern District of Pennsylvania have found noncitizens, who were paroled under § 1182(d)(5) and resided within the country for years, were illegally detained under § 1225(b)(2).  *Rios Porras v. O'Neill*, No. 25-CV-6801, 2025 WL 3708900, at *1 (E.D. Pa. Dec. 22, 2025); *Piurbeev v. Rose*, No. 26-cv-910, 2026 WL 499907, at *2-3 (E.D. Pa. Feb. 23, 2026); *Olimov v. Jamison*, No. 26-cv-532, 2026 WL 596155, at *4-6 (E.D. Pa. Mar. 3, 2026).  Courts around the country have also found the same.  *See, e.g.*, *Cabrera Martinez v. Marich*, No. 25-CV-1110, 2025 WL 3771228, at *5-13 (W.D.N.Y. Dec. 31, 2025) (analyzing § 1182(d)(5)(A) to conclude "an individual who has been living in the United States outside parole and is later apprehended is detained under section 1226").

Regarding which party has the correct interpretation of § 1225(b)(2) mandatory detention, this legal question has been considered by numerous courts.  In the Eastern District of Pennsylvania, every single district judge who has addressed this issue has ruled against the Government's position.[1]  Indeed around the country, some "308 judges[, appointed by every

---

[1] *See, e.g.*, *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Ndiaye*, 2025 WL 3229307, at *8 (Sánchez, J.); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212, at *3 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726, at*4-8 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Morocho v. Jamison*, No. 25-CV-5930, 2025 WL 3296300, at *2-3 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill*, No. CV 25-6358, 2025 WL 3298003, at *2-6 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *M-L-Z-v. Noem*, No. 25-5479, 2025 WL 3470046, at *1-3 (E.D. Pa. Dec. 2, 2025) (Baylson, J.); *Soumare v. Jamison*, No. CV 25-6490, 2025 WL

president since Ronald Reagan,] have ruled against the [Government]'s mass detention policy" in more than 3,000 cases. Kyle Cheney, *Hundreds of Judges Reject Trump's Mandatory Detention Policy, With No End in Sight*, Politico (Jan. 5, 2026, 5:55 AM), https://www.politico.com/news/2026/01/05/trump-administration-immigrants-mandatory-detention-00709494; *see also* Kyle Cheney, *How ICE Defies Judges' Orders to Release Detainees, Step by Step*, Politico (Feb. 10, 2026, 5:00 AM), https://www.politico.com/news/2026/02/10/ice-immigration-detention-court-orders-00771727. Despite the thousands of cases "piled sky high against the Government's position," it continues to invoke § 1225(b)(2) to detain noncitizens who are then quickly granted relief by district courts. *Rios Porras*, 2025 WL 3708900, at *2. "And yet, for each rejection of the government's legal position and granting of habeas relief to the petitioners, at least two more nearly-identical habeas petitions appear to populate the dockets of this district." *Once Chillogallo v. Jamison*, No. CV 26-0313, 2026 WL 295741, at *1 (E.D. Pa. Feb. 4, 2026).

---

3461542, at *3 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. CV 25-5810, 2025 WL 3473364, at *4 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Rodrigues Pereira v. O'Neill*, No. CV 25-6543, 2025 WL 3516665, at *6-8 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Anirudh v. McShane*, No. CV 25-6458, 2025 WL 3527528, at *4-6 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Picon v. O'Neill*, No. CV 25-6731, 2025 WL 3634212, at *4-5 (E.D. Pa. Dec. 15, 2025) (Perez, J.); *Hurtado v. Jamison*, No. CV 25-6717, 2025 WL 3678432, at *5-6 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Toure v. Bondi*, No. 25-cv-710 (E.D. Pa. Dec. 19, 2025) (McHugh, J.); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900, at *3 (E.D. Pa. Dec. 22, 2025) (Beetlestone, C.J.); *Dong v. Rose*, No. 25-cv-7182 (E.D. Pa. Dec. 23, 2025) (Kearney, J.); *Kumar v. McShane*, No. CV 25-6238, 2025 WL 3722005, at *7 (E.D. Pa. Dec. 23, 2025) (Quiñones Alejandro, J.); *Mardet v. Jamison*, No. CV 25-7169, 2025 WL 3772152, at *1 (E.D. Pa. Dec. 31, 2025) (Hodge, J.); *Camara v. Jamison*, No. 25-cv-7326 (E.D. Pa. Dec. 31, 2025) (Schmehl, J.); *Diop v. Jamison*, No. 25-cv-6946 (E.D. Pa. Jan. 5, 2026) (Murphy, J.); *Manrique-Luque v. Jamison*, No. 25-cv-7332 (E.D. Pa. Jan. 7, 2026) (Younge, J.); *Ferreira v. McShane*, No. 25-cv-7335 (E.D. Pa. Jan. 9, 2026) (Pappert, J.); *Vargas v. O'Neill*, No. 25-7094, 2026 WL 105711, at *4 (E.D. Pa. Jan. 14, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. CV 25-7371, 2026 WL 126153, at *1 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Restrepo v. Jamison*, No. 25-CV-6518, 2026 WL 141803, at *11 (E.D. Pa. Jan. 20, 2026) (Leeson, J.).

While the Third Circuit Court of Appeals has not addressed this question, two other circuits have addressed this issue: one that is persuasive and one that is not.  The Seventh Circuit found the Government was "not likely to succeed on the merits of [its] argument that . . . individuals, whom ICE arrested without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)." *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025).[2]  The court held the Government's interpretation of § 1225(b)(2) is likely wrong because the plain meaning of the term "seeking admission" limits mandatory detention to those who are not already in the country and any interpretation to the contrary would render this term superfluous and contravene Congress's choice of language.  *Id.* at 1060-62.  It also found "the difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law." *Id.* at 1062.  The court additionally noted the Government's "recent reliance on § 1225(b)(2)(A) to detain noncitizens discovered within the United States upends decades of practice." *Id.* at 1062 n.13.  This holding aligns with this Court's analysis in *Ndiaye* and with the analysis used in thousands of other cases.  *See* 2025 WL 3229307, at *5-6; *see, e.g.*, *Demirel*, 2025 WL 3218243, at *4-5.  The Court finds *Castañon-Nava* persuasive.

Meanwhile, a divided Fifth Circuit panel recently found the Government's interpretation of § 1225(b)(2) is correct.  *Buenrostro-Mendez v. Bondi*, --F.4th--, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).  The majority read the term "applicant for admission" as identical to the phrase "seeking admission" in § 1225(b)(2).  *Id.* at *4.  The Government cites *Buenrostro-Mendez* to support its position.

---

[2]   The Seventh Circuit made this finding while reviewing an application for a stay of a preliminary injunction.  *Id.* at 1052-53.  So, its analysis was limited to the likelihood of success on the merits and does not have the full weight of a final decision on the merits.  The Court nevertheless finds the appellate court's analysis has strong persuasive value.

The Fifth Circuit's decision is not binding on this Court. Indeed, courts in the Third Circuit continually reject the *Buenrostro-Mendez* majority decision.[3] Because the decision is not persuasive, the Court will not adopt its reasoning. The Court will instead align itself with the reasoning used in thousands of cases around the country, the Seventh Circuit's analysis, and Judge Douglas' compelling dissent in *Buenrostro-Mendez*. *Ndiaye*, 2025 WL 3229307, at *4-8; *Singh v. Baltazar*, No. 26-CV-336, 2026 WL 352870, at *4-6 (D. Colo. Feb. 9, 2026); *Castañon-Nava*, 161 F.4th at 1062; *Buenrostro-Mendez*, 2026 WL 323330, at *10-18 (Douglas, J., dissenting) ("[T]he majority and the government distort the statutory text, abstract it from its context and history, ignore the Supreme Court's clearly stated understanding of the statutory scheme, and wave away the agency's previous failure to detain millions of noncitizens as if it were a rounding error. . . . [It] produces textualism without the text."). Otherwise, under "the [G]overnment's proposed reading of the statute . . . the border is now everywhere." *Buenrostro-Mendez*, 2026 WL 323330, at *18 (Douglas, J., dissenting).

Based on the Court's previous opinions, the decisions of all the judges who have considered the issue in the district, and the Seventh Circuit's analysis in *Castañon-Nava*, the Court finds Noicy cannot be detained under § 1225(b)(2). Noicy's current detention is therefore illegal, and he is entitled to relief.

**CONCLUSION**

---

[3] *Vimos v. Fed. Det. Ctr. Philadelphia*, No. CV 26-780, 2026 WL 381173, at *5 n.12 (E.D. Pa. Feb. 11, 2026); *Suarez v. Rose*, No. CV 26-790, 2026 WL 383793, at *3 (E.D. Pa. Feb. 11, 2026); *Umarov v. Rose*, No. 26-0486, 2026 WL 445669, at *5 (E.D. Pa. Feb. 17, 2026); *Darispanashvili v. Rose*, No. CV 26-1035, 2026 WL 497836, at *3 (E.D. Pa. Feb. 23, 2026); *Castellano Rivera v. Jamison*, No. CV 26-1150, 2026 WL 561126, at *2 (E.D. Pa. Feb. 27, 2026); *Olimov*, 2026 WL 596155, at *3; *Chaudhari v. Rose*, No. 26-CV-242, 2026 WL 540378, at *4 n.5 (M.D. Pa. Feb. 26, 2026); *Alvarez v. Noem*, No. 3:26-CV-73, 2026 WL 545382, at *1 (W.D. Pa. Feb. 26, 2026); *Martinez Amaya v. Bondi*, No. 26-CV-01945, 2026 WL 592137, at *1 n.2 (D.N.J. Mar. 3, 2026).

Accordingly, the Court will grant Petitioner Noicy's for Writ of Habeas Corpus in full and order his immediate release.[4]

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[4] Like in *Ndiaye*, the Government has not offered any rationale for detaining Noicy beyond the mandatory detention provision of § 1225, therefore, this Court will order Noicy's immediate release without a bond hearing.  *See* 2025 WL 3229307, at *8 & n.5.