IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN WILMOND NOICY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-1388 |
| | : | |
| J.L. JAMISON, et al. | : | |

## **ORDER**

AND NOW, this 6th day of March, 2026, upon consideration of Petitioner Willy Noicy's

Petition for Writ of Habeas Corpus (Dkt. No. 1), the Government's response (Dkt. No. 5), and for

the reasons stated in the accompanying Memorandum, it is ORDERED that the Petition (Dkt. No.

1) is GRANTED as follows:

1. Noicy is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead

   subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. The Government shall RELEASE Noicy from custody immediately and shall certify

   compliance with this Memorandum Opinion and Order by filing on the docket no later than

   5:00 P.M. EST on March 7, 2026;

3. In doing so, the Government shall not subject Noicy to any conditions of release including

   the imposition of any and all GPS monitoring technology or devices.

4. The Government shall return Noicy's personal property that it seized during his arrest and

   detention including his personal identification and documents;

5. The Government is temporarily enjoined from re-detaining Noicy for seven days following

   his release from custody;

6. If the Government chooses to pursue re-detention of Noicy after that seven-day period, it

   must first provide him with a bond hearing, at which a neutral immigration judge shall

determine whether detention is warranted pending the resolution of his removal proceedings;

7. Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Noicy from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Noicy is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from me to move Noicy if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Noicy; and

8. In the event of release after a bond hearing, the Government shall not subject Noicy to conditions of release that are inconsistent with the exact terms as set by the Immigration Judge after the bond hearing, including the imposition of any and all GPS monitoring technology or devices.

The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.